IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID ANTWIONE GUINN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | |
| | § | No. 3:13-cv-2293-B-BN |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner David Antwione Guinn, a Texas prisoner, has filed an petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, Petitioner's habeas application should be dismissed on limitations grounds.

**Background**

A jury convicted Petitioner of aggravated robbery with a deadly weapon – a knife and a motor vehicle in Cause No. F-08-55577-K in Criminal District Court No. 4, Dallas County, Texas. On August 29, 2009, the trial court assessed punishment of twenty years. The conviction was affirmed on direct appeal on November 3, 2010. *See Guinn v. State*, No. 05-09-01344-CR, 2010 WL 4324439 (Tex. App. – Dallas, Nov. 3, 2010). The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on April 20, 2011. *See Guinn v. State*, PDR No. 1642-10 (Tex. Crim. App. Apr. 20, 2011). Petitioner did not file a petition for writ of certiorari in the

United States Supreme Court. Petitioner filed a state habeas corpus application, which was dated May 19, 2012. The Court of Criminal Appeals denied the state habeas corpus application without written order on September 5, 2012. *See Ex parte Guinn*, WR-77,975-01 (Tex. Crim. App. Sept. 5, 2012).

Petitioner states that he placed his federal habeas corpus petition in the prison mailing system on June 14, 2013. Petitioner contends that he is actually innocent of the crime; the evidence was legally insufficient to support the conviction; the evidence was factually insufficient to support the conviction; the indictment was unconstitutional; he received ineffective assistance of trial and appellate counsel; and there was prosecutorial misconduct for painting a false picture of the facts. *See* Dkt. No. 3 at 6-21.

Respondent has submitted a preliminary response to Petitioner's Section 2254 petition in which it is argued that this case is barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA") statute of limitations. *See* Dkt. No. 11. In the habeas petition, Petitioner asserts the petition is timely but also claims actual innocence. *See* Dkt. No. 3 at 23. Petitioner did not address the limitations issue in his reply to Respondent's preliminary response. *See* Dkt. No. 14. Instead, Petitioner's reply re-argues the merits of his grounds, and he addresses Respondent's argument regarding his claim of actual innocence. *See id*.

## Legal Standards

Section 2254 federal habeas corpus proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF

1996, Pub.L. 104-132, 110 Stat. 1214 (1996), *codified at* 28 U.S.C. § 2244(d). The statute provides that the limitations period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

The United States Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error,'" *id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), that is, new reliable evidence sufficient to persuade the

Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt,'" *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

## Analysis

Petitioner was found guilty of aggravated robbery, his conviction was affirmed on direct appeal, and his petition for discretionary review was refused on April 20, 2011. Because Petitioner did not seek a writ of certiorari from the United States Supreme Court, his conviction became final for limitations purposes 90 days thereafter, on July 19, 2011. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th cir. 2003) (finality is established by the expiration of the 90-day period to seek further review with the Supreme Court). Petitioner submitted an application for state post-conviction relief no earlier than May 19, 2012. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (a prisoner's state habeas application is "deemed filed at the time [it is] delivered to prison authorities"). The application was denied on September 5, 2012. Petitioner filed this action in federal court on June 13, 2014.[1]

The AEDPA statute of limitations started to run on July 19, 2011, when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's state habeas corpus application was filed no earlier than May 19, 2012, the date on which it was signed. The state habeas corpus application was filed before the one-year AEDPA limitations period was set to expire on July 19, 2012, and the limitations

---

[1] Petitioner states he placed his federal habeas petition in the prison mail system on June 14, 2014. *See* Dkt. No. 3 at 24. But Respondent provides evidence that Petitioner submitted the petition to prison authorities on June 13, 2014. *See* Dkt. No. 11 at 3.

period was tolled for 110 days until the state habeas corpus application was denied on September 5, 2012. Thus, his federal habeas petition was due no later than November 6, 2012. Petitioner's federal petition was filed on June 13, 2013, which was untimely.

Petitioner claims that his petition is timely but that, if it is not, he raises a claim of actual innocence. *See McQuiggin*, 133 S. Ct. 1924. Petitioner claims that he ran from the store and was not present when a knife was exhibited. He also states that he did not drive the car when it swerved toward the complainant. *See* Dkt. No. 3 at 7; Dkt. No. 14 at 11-13. But the store owner testified that Petitioner pulled a knife on him when the owner confronted Petitioner as Petitioner was fleeing. *See Guinn v. State*, 2010 WL 4324439, at *1; *see also* Reporter's Record Vol. III, p. 30 (Dkt. No. 10, #6 at 69).

Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. That is, Petitioner has not provided "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 133 S.Ct. at 1936 (quoting *Schlup*, 513 U.S. at 329). Petitioner has not met his burden of showing he is actually innocent, and his untimely habeas corpus petition is not excused under *McQuiggin*.

Petitioner offers no other basis for equitable tolling of the statute of limitations.

## Recommendation

Petitioner's application for writ of habeas corpus should be dismissed with prejudice because it is barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 29, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE